NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

LEVY WALKER, PETITIONER, v. WAGNER PASTRY COMPANY, RESPONDENT.

For the petitioner, *Samuel Greenstone.*

For the respondent, *Arthur F. Mead.*

1. That the petitioner, Levy Walker, met with an accident arising out of and in the course of his employment as a laborer while attempting to paint a ceiling on May 27th, 1926, and that he suffered injury to both eyes as the result of paint that fell into them.

2. It appears from evidence that all of the physicians who testified both for the petitioner and respondent agree that the petitioner had had a diseased condition of his eyes prior to the accident. It does not appear, however, that this diseased condition had in any way affected his ability to work prior to the accident, but it appears to be undisputed that the petitioner was unable to perform his duties after the accident as well as he could prior thereto. It appears further from the various tests given by the respective physicians who examined the petitioner that the petitioner suffered an increasing loss of vision from about the time of the accident until four (4) months thereafter, when he was found to have industrial blindness in the left eye and about one-fourth vision left in the right eye. This latter condition was found somewhat improved by Dr. Sherman upon a recent examination. The dispute has been upon the question as to what caused this loss of vision since the accident. Was it the old

diseased condition or an intervening cause due to the accident? It appears that three physicians had the opportunity to examine and observe the petitioner soon after the accident, one of whom was Dr. Sherman, for the respondent, who treated the injury suffered by the petitioner as a trivial one, and admittedly was not followed up by him. Dr. Mamlet and Dr. Failing also treated the petitioner shortly thereafter and they were of the opinion that the accident aggravated his previous condition and they followed up the case and had the opportunity to observe his condition. Dr. Dias, who testified as expert for the respondent, did not examine the petitioner. Dr. Paganelli, who testified as expert for the petitioner, examined the petitioner and he likewise agreed with both Dr. Mamlet and Dr. Failing that the petitioner's previous condition was aggravated by the accident. Throughout the ramifications of expert testimony in this case I have been impressed with the fact that there was a definite loss of vision following the accident. The petitioner was obliged to wear glasses following the accident and his vision failed to such an extent that he had difficulty in getting about and came very near being seriously injured again since the accident because of his inability to see. If this were a trivial injury, as Dr. Sherman testified, it should not have affected the man in his work, and the condition should have cleared up as Dr. Sherman prognosticated and said it would, but instead of that it appears beyond dispute that his vision grew worse and he was finally unable to work. In this connection it is rather significant that Dr. Sherman admitted on cross-examination that the petitioner's condition of conjunctivitis with pain could get worse if he did not follow it up, and he only gave him two treatments shortly after the accident. I am therefore of the opinion that the weight of evidence as to the opportunity for observation and expert opinion as to the medical status together with the lay facts in this case in favor of the petitioner.

\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*　　　　\*

HARRY J. GOAS,
*Deputy Commissioner.*